UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| PENNYMAC LOAN SERVICES, LLC; | ) |
| Plaintiff, | ) |
| v. | ) 3:24-CV-510-KAC-JEM |
| CHARLES HAWKINS, et al.; | ) |
| Defendants. | ) |

**ORDER DENYING MOTION TO SET ASIDE**

This case is before the Court on "Plaintiff's Motion to Set Aside Order of Dismissal Pursuant to Federal Rule of Civil Procedure 60(b)(6)" [Doc. 11]. On December 31, 2024, Plaintiff PennyMac Loan Services, LLC, who is represented by counsel, filed a Complaint against Defendants Charles L. Hawkins, Donna K. Hawkins, and the United States of America, "on behalf of [the] Secretary of Housing and Urban Development" [Doc. 1 at 1-2]. By April 4, 2025, over ninety (90) days had passed without any "evidence that Plaintiff ha[d] served Defendants" [Doc. 8 at 1]. And "[n]o Defendant ha[d] appeared" in the action [*Id.*].

So, on April 4, the Court ordered Plaintiff to show cause why the Court should not "dismiss Plaintiff's claims against Defendants without prejudice under Rule 4(m)" [*Id.*]. The Court ordered Plaintiff to respond by April 11 [*Id.*]. And the Court warned that it would view a "failure to timely respond . . . as a failure to prosecute, which ***will result in involuntary dismissal of Plaintiff's claims***" under Rule 41(b) [*Id.*]. Plaintiff failed to respond [*See* Doc. 9 at 1].

So, on April 14, the Court dismissed Plaintiff's claims without prejudice "pursuant to Federal Rule of Civil Procedure 41(b)" [*See id.* at 1-2]. And the Court entered judgment [Doc. 10].

On August 14, Plaintiff filed the instant Motion [Doc. 11], asking the Court to "set aside the Dismissal of this case" "pursuant to Federal Rule of Civil Procedure 60(b)(6)" [Doc. 11 at

1, 4]. Plaintiff argues that "the dismissal in this case was the result of excusable neglect" and that "extraordinary circumstances contemplated by Rule 60(b)(6)" justify the relief requested [*Id.* at 1, 2]. Plaintiff asserts that Defendants Charles and Donna Hawkins were "personally served on February 12, 2025" [*Id.* at 3]. It is unclear when Plaintiff believes she properly completed service on Defendant United States, but it appears that service was purportedly complete by June 2025 [*See id.*]. *See also* Fed. R. Civ. P. 4(i) (setting forth the requirements for service of "the United States"). Plaintiff claims that "counsel inadvertently did not timely file the returns of service" due to "internal confusion" in counsel's office [*Id.* at 2-4]. Plaintiff "acknowledges" its "failure to adhere to" the Court's April 4 Order, [*see id.* at 4], but does not explain the failure.

Under Rule 60(b), "[o]n motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding" for certain reasons enumerated in subsections one (1) through six (6). *See* Fed. R. Civ. P. 60(b). Plaintiff specifically invokes subsection Six (6) [*See* Doc. 11 at 1]. Under Rule 60(b)(6), the Court may relieve Plaintiff for "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(6). Subsection Six is a catchall provision reserved for "extraordinary circumstances which are not addressed by" the other enumerated subsections of Rule 60(b). *See Penney v. United States*, 870 F.3d 459, 461 (6th Cir. 2017) (quoting *Moreland v. Robinson*, 813 F.3d 315, 327 (6th Cir. 2016)). Put more simply, "relief under Rule 60(b)(6) is available 'only when Rules 60(b)(1) through (b)(5) are inapplicable.'" *BLOM Bank SAL v. Honickman*, 605 U.S. 204, 211 (2025) (quoting *Kemp v. United States*, 596 U.S. 528, 533 (2022)). Rule 60(b)(1) allows the court to relive a party based on "mistake, inadvertence, surprise, or excusable neglect." *See* Fed. R. Civ. P. 60(b)(1).

2

Here, Plaintiff is not entitled to relief under Rule 60(b)(6) or 60(b)(1).  As an initial matter, Plaintiff's argument for relief falls squarely within Rule 60(b)(1)—inadvertence or excusable neglect by counsel.  So, Rule 60(b)(6) is likely not a viable avenue to seek relief.  *See Penney*, 870 F.3d  at 461-62; *King v. United States*, 143 F.4th 705, 711 (6th Cir. 2025) (noting that 60(b)(1) and (b)(6) are "mutually exclusive" and applying only (b)(1) "[g]iven the precise fit" between that subsection and the purported justification for relief (citation omitted)).

Under Rule 60(b)(1), the Court weighs:  (1) the moving party's "culpability—that is, whether the neglect was excusable; (2) any prejudice to the opposing party; and (3) whether the [moving] party holds a meritorious underlying claim or defense."  *Yeschick v. Mineta*, 675 F.3d 622, 628-29 (6th Cir. 2012) (quotations omitted).  The moving party must "first demonstrate a lack of culpability before the court examines the remaining two factors." *Id.* (quotations omitted).  To determine whether any neglect is "excusable," courts weigh the *Pioneer*[1] factors: "the danger of prejudice to the non-moving party, the length of the delay and its potential impact on judicial proceedings, the reason for delay, including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *Id.* at 629  (cleaned up).  "The *Pioneer* factors do not carry equal weight; the excuse given for the late filing must have the greatest import."  *United States v. Munoz*, 605 F.3d 359, 372 (6th Cir. 2010) (cleaned up).

On balance, Plaintiff cannot demonstrate a lack of culpability.  Starting with the factor with "the greatest import," Plaintiff's reason for delay is unavailing.  *See id.*  Plaintiff generally blames its failure to timely effectuate and file proof of service on counsel's "confusion" [*See* Doc. 11 at 2-5].  But that sort of sheer "inadvertence" "do[es] not usually constitute 'excusable' neglect." *See*

---

[1] *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship*, 507 U.S. 380 (1993).

*Pioneer*, 507 U.S. at 392. And Plaintiff provides no justification for its failure to respond to the Court's April 4 Order. *See Bearup v. Cintas Corp.*, No. 1:21-CV-151, 2025 WL 887692, at *3 (S.D. Ohio Mar. 21, 2025) (finding that the failure to "provide justification for her lack of response" to the court's show cause order was "unreasonable" and cut against granting relief). Nor does Plaintiff explain its subsequent four (4) month delay in filing the instant Motion after the Court entered judgment. "Parties have an independent obligation to monitor all developments in an ongoing case." *Harness v. Taft*, 801 F. App'x 374, 377 (6th Cir. 2020). This is even more so "[n]ow that electronic dockets are widely available." *See Yeschick*, 675 F.3d at 629-30. This case is no exception. So, the factor with the greatest import weighs heavily against Plaintiff.

Analyzing the other factors, the "danger of prejudice" may weigh in favor of Plaintiff because no Defendant appeared in this action before the Court entered judgment. But it is hard to assess the danger of prejudice to Defendants without their presence. The length of the delay; including significant delays in purportedly effectuated service, delays in responding to the Court's April 4 Order, and delays in filing the instant Motion; all weigh against a finding of excusable neglect. And the significant delay, potential impact on these judicial proceedings, and lack of specific justification for counsel's inadvertence weigh against a finding that Plaintiff acted fully in good faith. *See e.g.*, *Pierre Invs., Inc. v. Mockensturm, Ltd,* No. 3:24-CV-1046, 2025 WL 1953183, at *2 (N.D. Ohio July 16, 2025). On balance, then, the *Pioneer* factors weigh against finding excusable neglect. Plaintiff, therefore, is not entitled to relief under Rule 60(b)(1).

And even if Rule 60(b)(6) were a viable avenue to seek relief, Plaintiff has not shown any "extraordinary circumstances" that would warrant relief. *See Penney*, 870 F.3d at 461 (quoting *Moreland*, 813 F.3d at 327). In fact, it is not clear to the Court that Plaintiff had properly served Defendant United States by April 14, when the Court dismissed Plaintiff's claims without

4

prejudice [*See* Docs. 9, 10, 11]. Instead, it appears that Plaintiff did not complete its service of the United States until June 2025, if at all [*See* Docs. 11 at 3, 11-1]. *See* Fed. R. Civ. P. 4(i)(1) (describing the requirements to serve the United States).

For the reasons above, the **DENIES** "Plaintiff's Motion to Set Aside Order of Dismissal Pursuant to Federal Rule of Civil Procedure 60(b)(6)" [Doc. 11].

SO ORDERED.

_____
KATHERINE A. CRYTZER
United States District Judge